**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | | Docket Nos. 3:03CR80 (JBA) and |
| VS. | : | 3:03CR162 (JBA) |
| | | |
| FOOK YONG TAN | : | April 7, 2006 |

GOVERNMENT'S OBJECTION TO MOTION TO
WAIVE/MODIFY JUDGMENT

The Government, through its undersigned attorney, hereby respectfully files its objection

to the Defendant, Fook Yong Tan's motion to waive interest concerning his restitution debt

imposed in this case.  Based upon the following reasons, Defendant Tan's motion should be

denied as a matter of law.

*Background*

The parties filed a plea agreement on May 30, 2003.  Thereafter, on August 20, 2003,

Defendant Tan was sentenced.  As part of his sentence, Defendant Tan was ordered to pay a

$200.00 special assessment and restitution in the amount of $1,121,516.06, jointly and severally.

Pursuant to 18 U.S.C. § 3612, interest in the amount of $35,307.82 has accrued on the restitution

debt as of April 7, 2006, and is continuing to accrue in the amount of $37.37 per day.  The

United States secured the restitution judgment by filing a notice of statutory lien on November 12

2003.

*Argument*

Defendant Tan has filed a motion to waive interest pursuant to 18 U.S.C. § 3664(o) and (k). Defendant Tan's motion must fail as a matter of law, based upon the following reasons.

1.      *Defendant Fook has already agreed to pay interest.*

Defendant Tan previously agreed to the imposition of interest in his plea agreement. In particular, the "Penalties" section of the plea agreement specifically referenced 18 U.S.C. § 3612(f), which provides for the imposition of interest on restitution debts. Thus, Defendant Tan has already *agreed*, prior to sentencing, that interest would accrue on any restitution amount imposed, and that he would be obligated to pay that accrued interest. Defendant Tan was represented by counsel at both the time of the plea and at sentencing. Defendant Tan, through counsel, had the opportunity to seek a waiver of interest during the plea negotiations and at the sentencing hearing, however no such request was made. Defendant Tan's current request to now change the terms of the plea agreement, as well as the resulting judgment imposed against him, is at best, untimely.

2.      *Interest may not be waived after sentence is imposed.*

Defendant Tan's reliance on 18 U.S.C. § 3664(k) and (o) is misplaced. Section 3664(o) provides that a judgment that includes restitution is "final" except for certain specified exceptions. None of the specified exceptions are applicable to this case.

One of the specified exceptions, 18 U.S.C. § 3664(k), allows for the adjustment of restitution payments. A review of 18 U.S.C. § 3664(k) shows that it allows for the adjustment of a payment schedule in the event of a material change in the defendant's economic circumstances. The adjustment can cut either way, permitting a decrease in the monthly payment schedule that was originally ordered, or on the other hand, permitting the elimination of a payment schedule

altogether, and requiring immediate payment in full.  An important factor concerning the

application of 18 U.S.C. § 3664(k) is that it only authorizes the "adjustment" of a payment

schedule, based upon a material change in economic circumstances.  It does not authorize the

waiver of any portion of a criminal debt.  So, at best, Defendant Tan may only rely on 18 U.S.C.

§ 3664(k) to delay the inevitable– his obligation to pay his restitution debt, including accrued

interest.

Defendant Tan's reliance on 18 U.S.C. § 3612(f)(3) is equally unavailing since it only

provides authority to the court to waive interest at the time sentence is imposed, *not* retroactively,

as is the case here.

Section 3612(f)(3) only permits the Court to waive "*the requirement of interest*".

The Government interprets "requirement of interest" to mean the statutory requirement to impose

interest, which occurs by operation of law at sentencing.  *See 18 U.S.C. § 3612(f)(1)*("Defendant

shall pay interest . . .").   If Congress had intended to provide courts the broader authority to

waive interest retroactively, then Section 3612(f)(3) would have to provide not just for the waiver

of the threshold requirement that interest be imposed, but also the waiver of the subsequent

obligation *to pay* interest once it has already been imposed.  Defendant Tan's motion fails to

recognize the meaning and significance of "requirement of interest", as he simply concludes that

interest may be waived retroactively.  *See Duncan v. Walker*, 533 U.S. 167, 174 (2001)(quoting

*United States v. Menasche*, 348 U.S. 528, 538-39 (1955)("It is our duty to give effect, if possible,

to every clause and word of a statute."); *State Street Bank & Trust Co. v. Salovaara*, 326 F.3d

130, 139 (2d Cir. 2003)("It is well-settled that courts should avoid statutory interpretations that

render provisions superfluous . . .").

A comparison of the authority provided to the Government to seek waiver of interest is

illustrative of a final point. Under 18 U.S.C. § 3612(h), (the same section from which the Court

derives its authority to waive interest), the Government is also authorized to request the waiver of

interest at sentencing. Separately though, under 18 U.S.C. § 3573, Congress provided additional

authority to the Government, only, to seek waiver of interest post-sentencing. Pursuant to

18 U.S.C. § 3573, Congress designated that *unpaid* fines, penalties and/or interest may be

remitted (*only by the Government*) at any time, when it is in the interest of justice and when it is

unlikely that further collection efforts will be effective. Congress designated only the

Government with this special authority to seek retroactive waiver of interest  because it is the

Government that is responsible for tracking, monitoring and enforcing collection of these debts

for decades after sentence is imposed. *See* 18 U.S.C. §§ 3612( c) and 3613(b). It is the

Government that routinely performs asset investigations and assesses a criminal debtor's ability

to pay during the long enforcement period. It is the Government that enforces payment of

restitution on behalf of victims. And, of course, it is the Government that first prosecuted the

case and is familiar with the underlying facts and egregiousness of the crime. Therefore, it is the

Government that is in the best position to determine if and when retroactive waiver of a criminal

debt is appropriate, and should be sought by the Government.

The distinction between the authority granted under 18 U.S.C. § 3612 and the authority

granted under 18 U.S.C. § 3573 is that Section 3612 provides authority to both the court and the

Government to waive interest at sentencing; while Section 3573 provides authority to the

Government alone to seek waiver of interest post-sentencing.

Therefore, only the Government has been authorized to seek retroactive waiver of accrued

interest, once *it* has determined that retroactive waiver is in the interest of justice and that further

collection action will not be cost effective. Congress has provided no equivalent authority to the

defendant to request a waiver; nor to the court to *sua sponte* waive interest retroactively. Accordingly, Defendant Tan's motion to waive interest lacks any supporting authority, and should be rejected as a matter of law.

The Government notes however, that it will leave open the question of whether it may seek to remit all or a portion of Defendant Tan's interest in the future, pursuant to 18 U.S.C. § 3573. Defendant Tan's liability, along with his co-defendants' liability, to pay his criminal debt does not expire until August, 2028. Much can occur over the next twenty-one years. If and when it becomes apparent to the Government that it is not in the interest of justice and not cost effective to enforce payment of interest, then the Government would be willing to reconsider Defendant Tan's request.

For all of the foregoing reasons, and in the interest of justice, the Government respectfully requests that Defendant Tan's motion to waive interest be denied as a matter of law.

Respectfully submitted,

Kevin J. O'Connor
United States Attorney


Christine Sciarrino
Assistant United States Attorney
P.O. Box 1824
New Haven, CT 06510
(203) 821-3780/Fax: (203) 773-5392
Email: Christine.Sciarrino@usdoj.gov
Federal No. CT3393

Certification

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 7th

day of April, 2006 to:


Fook Yong Tan
Reg. No. 69894-053
FMC Devens
P.O. Box 879
Ayer, Massachusetts   01432-0879


_____
Christine Sciarrino